# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00163-MR

| | |
|---|---|
| LAMAR CANNADY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| POLK COUNTY JAIL, et al., | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. Also pending are Plaintiff's "Subpoena Request for Witness & Discovery Order" [Doc. 9], "Motion to Seize & Secure Evidence from Facility by Outside Agency" [Doc. 12], and "Motion to Submit Evidence" [Doc. 13]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Polk County Jail for felony second-degree murder drug distribution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing various topics including the circumstances of his arrest, his criminal investigation and prosecution, and

the conditions of his confinement.[1] [Doc. 1]. He names as Defendants in their official capacities: the Polk County Jail; the Polk County Sheriff's Office (PCSO); Rutherford County SBI;[2] Timothy Wright,[3] the sheriff of Polk County; and Caleb Edwards,[4] a detective. [Doc. 1 at 1-3]. He asserts claims for "[f]reedom of speech/ false imprisonment/ right to affective counsel/ excomunication/ denial of proper med. treatment/ mail tampering/ denial of self counsel/ targeting/ prejudice/ racial profiling/ contamination of meds/ harmful – improper d.s. of meds" [Id. at 3] (errors uncorrected). As injury, the Plaintiff claims "[m]ental anguish; med: vomiting/ sick to stomach/ unknown other." [Id. at 5]. He seeks $30,000,000 in damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

---

[1] This information is gleaned in part from the Polk County Sheriff's Office website. See http://68.235.248.252/dcn/inmatedetails?id=umd%252bx147KoA%253d&bid=lor6DTbyv0ec5J9fIwKOXw%253d%253d (last accessed Oct. 12, 2022); Fed. R. Evid. 201.

[2] State Bureau of Investigations.

[3] Also referred to as "Right" in the Complaint. [Doc. 1 at 3].

[4] Also referred to as "Edwads" in the Complaint. [Doc. 1 at 1].

2

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION[5]

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

---

[5] The Complaint, which was written lightly in pencil, is partially illegible. It is also rife with bald legal conclusions, pronouns, and unattributed and nonsensical allegations that do not warrant discussion at this juncture. [See, e.g., Doc. 1 at 26 ("I have brought to the attn. of being non-leathaly (I hope) poisend to the only C.O. here I trust regarding who to trust and he tells me not to;" "I avoid as much as possible to avoid notice taken, and never pressurize to dispence") (errors uncorrected)].

3

The body of the Complaint refers to individuals who were not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 12-13 (referring to a "nurse" and "COs" and a "Capt."); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff attempts to name the Rutherford County SBI as a Defendant. The SBI is a state agency. See N.C. Gen. Stat. § 143B-915. Neither a State nor its officials acting in the official capacities are "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, civil rights suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Kentucky v. Graham, 473 U.S. 159, 169

(1985). The Rutherford County SBI office is, therefore, dismissed from this action with prejudice.

The Plaintiff also attempts to name the Polk County Jail as a Defendant. However, a jail is not a "person" subject to suit under § 1983. Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). Accordingly, the Polk County Jail is dismissed from this action with prejudice.

The Plaintiff names as Defendants the PCSO, Sheriff Wright, and Detective Edwards in their official capacities. Suits against sheriffs in their official capacities are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). A sheriff's office may also be liable under § 1983 for a failure to implement proper policies and procedures where the policy has a "specific deficiency ... such as to make the specific violation almost bound to happen, sooner or later, rather than merely likely to happen

5

in the long run." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999) (quoting Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)).

Here, the allegations are so vague, conclusory, and confusing that the Court is unable to glean any cognizable claim. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff fails to identify any policy or custom that resulted in the alleged violation of his rights. Instead, it appears that he is attempting to hold Sheriff Wright responsible for his employees' actions on a respondeat superior theory. [See Doc. 1 at 23 ("as chief of police, … he should know the qualifications of the ones he has signed seat to, as well as their possible intent….")]. The doctrine of respondeat superior does not apply to actions brought under § 1983. See Monell, 436 U.S. at 694. Accordingly, the claims against these Defendants are dismissed without prejudice.

The Plaintiff is cautioned that any claims relating to his ongoing criminal proceedings appear to be barred by abstention principles. [See,

e.g., Doc. 1 at 14-18 (asserting discovery violations and challenging the criminal investigation). The Supreme Court held in Younger v. Harris, 401 U.S. 37 (1971), that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. Id. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Plaintiff has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Should Plaintiff believe that his claims are not barred by Younger, he may attempt to so demonstrate in an Amended Complaint.

Moreover, to the extent that the Plaintiff is attempting to challenge his bond and/or pretrial detention, such are not cognizable in the instant § 1983 case. [See, e.g., Doc. 1 at 13 (complaining that his bond was set at $400,000)]; see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical

7

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); 28 U.S.C. § 2241. Thus, to the extent that the Plaintiff is seeking to challenge his bond or confinement, he must do so, if at all, in a separate civil action.[6]

The Plaintiff's pending "Subpoena Request for Witness & Discovery Order [Doc. 9] and Motion to Seize & Secure Evidence from Facility by Outside Agency [Doc. 12][7] appear to be premature Motions seeking discovery that have been misdirected to the Court.[8] See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are

---

[6] The Court will instruct the Clerk to mail the Plaintiff a blank § 2241 form. The Court makes no determinations about the potential merit or procedural viability of such an action.

[7] This document is partially illegible.

[8] The Motions do not seek leave to engage in early discovery or contain any justification for such a request.

8

necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). Should the Plaintiff file an Amended Complaint that passes initial review, the Plaintiff will have the opportunity to engage in discovery in due course. The present discovery Motions are denied.

Finally, the Plaintiff has filed a Motion to Submit Evidence [Doc. 13], along with medical records that have been docketed under seal [Doc. 14]. In his Motion, the Plaintiff appears to complain that he was denied the opportunity to obtain the documents with a lawyer's assistance, which is discriminatory, and he alludes to other alleged violations of his rights. [Doc. 13 at 1]. The Plaintiff states that he "would like this submission to not only show the events that take place in a local county facility, but also serve as a full power of attorney to [his] daughter … in case of [his] untimely demise." [Id.].

The Motion is granted insofar as the medical records have been docketed in the record of this case. However, the Motion is denied to the extent that the Plaintiff is attempting to amend the Complaint in a piecemeal fashion. The Plaintiff's speculative attempt to grant his daughter power of attorney to continue this action in the unlikely event that he should die before this action concludes, is also denied.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint is dismissed. The claims against Polk County Jail and Rutherford County SBI are dismissed with prejudice, and the remaining claims are dismissed without prejudice. The pending discovery Motions are denied, and the Motion to Submit Evidence is granted in part and denied in part.

The Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The Claims against the Polk County Jail and the Rutherford County SBI are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE.**

4. The Plaintiff's "Subpoena Request for Witness & Discovery Order" [Doc. 9] and "Motion to Seize & Secure Evidence from Facility by Outside Agency" [Doc. 12] are construed as premature, misdirected Motions seeking discovery and are **DENIED**.

5. The Plaintiff's Motion to Submit Evidence [Doc. 13] is **GRANTED IN PART** and **DENIED IN PART** as stated in this Order.

6. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to file a superseding Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge