# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:22-cv-00163-MR

| | |
|---|---|
| **LAMAR CANNADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **POLK COUNTY JAIL, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 22]. Also pending is Plaintiff's Motion to Admit Evidence. [Doc. 16]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The pro se Plaintiff is a pretrial detainee at the Henderson County Detention Center (HCDC), having been charged with second-degree murder. He filed this civil rights action pursuant to 42 U.S.C. § 1983 asserting various claims related to the circumstances of his arrest, his criminal investigation and prosecution, and the conditions of his confinement at the Polk County Jail (PCJ).[1] [Doc. 1]. The Complaint, which is "rife with

_____

[1] The Plaintiff was confined at PCJ when he filed this lawsuit. He subsequently was moved to the North Carolina Central Prison and is now located at the HCDC.

bald legal conclusions, pronouns, and unattributed and nonsensical allegations," failed initial review. [Doc. 15 at 3 n.5]. The Court granted the Plaintiff the opportunity file a "superseding Amended Complaint" but cautioned the Plaintiff that "piecemeal amendment will not be allowed." [Id. at 5]. The Amended Complaint is now before the Court for initial review. [Doc. 22].

The Plaintiff names as Defendants: Timothy Wright, the sheriff of Polk County; FNU Leon, a special agent of the North Carolina State Bureau of Investigation (SBI); L.T. Case, a detention officer at the Polk County Jail (PCJ); FNU Beth, an assistant district attorney; FNU Byrd, who appears to be a correctional officer; Caleb Edwards; FNU Silva; FNU Drymer; and the "Medical Staff of County Jail." [Doc. 22 at 2-3; Doc. 22-1 at 1]. He asserts violations of the First, Fourth, and Fourteenth Amendments. [Doc. 22-1 at 1]. For injury, he claims "mental anguish – Vistaril/ internaly unknown/ bacterial infection; antibiotic/ vomiting, stomach pain." [Doc. 22 at 5] (errors uncorrected). He seeks $30,000,000 in damages. [Id.]. He also requests the assistance of counsel in this action. [Doc. 22-1 at 2].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to

dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

The Plaintiff's scattershot and nonsensical allegations largely fail to set forth any identifiable claims. The majority of his allegations are so vague and conclusory that they merely cite legal theories; cannot be attributed to

any Defendant; and/or are so devoid of factual allegations that they fail to satisfy the most basic pleading requirements. [See, e.g., Doc. 22-1 at 3 ("Who actually put something in my nose spray is uncertain/ … amongst other issues as mail tampering/targeting with searches repeadedly, etc…."); id. at 4 ("state policy requires medical att that has been denied also going against Constitution of equal treatment, County policy of medical treatment")] (errors uncorrected). He also attempts to reassert claims that were dismissed on initial review of the Complaint. [See, e.g., Doc. 22-1 at 1 (referring individuals not named as Defendants); id. at 2 (referring to the allegations against SBI); id. at 3 (referring to excessive bail)]. These claims do not warrant individual discussion; they are dismissed as frivolous and for failure to state a claim upon which relief can be granted for the reasons previously discussed. [See Doc. 15 at 4-8]. The Court will briefly address the few discernable claims that are attributed to specific Defendants.

The Plaintiff claims that Defendant Case violated the "state grievance policy" by "refusing to answer." [Doc. 22-1 at 1]. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("An inmate thus cannot bring a § 1983 claim alleging denial of a

4

specific grievance procedure"). Moreover, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). Accordingly, the Plaintiff's claim based on Defendant Case's alleged failure to adhere to the County's grievance policy is dismissed.

The Plaintiff further claims that Defendant Case "violates freedom of speech by suspending home-wav[2] for poem recited by Cannady … speaking of witnesses statement….," which the Plaintiff then "had his family post…." [Doc. 22-1 at 1, 5]. An incarcerated person generally retains his First Amendment rights that are not inconsistent with his status as a prisoner, or with the legitimate penological objectives of the correctional system. Pell v. Procunier, 417 U.S. 817, 822 (1974); Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 213 (4th Cir. 2017); Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (addressing the First Amendment rights of pretrial detainees). Actions

---

[2] According to the Polk County Detention Center's website online visitation can be scheduled by visiting HomeWav.com, and on-site visitation is available on weekends. See https://polksheriffnc.com/detention (last accessed February 8, 2023); Fed. R. Ev. 201.

by prison officials are permissible under the First Amendment if they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, the restriction of the Plaintiff's video visitation is rationally related to legitimate penological interests. See generally Shakur v. Selsky, 391 F.3d 106, 115 n.4 (2d Cir. 2004) ("Admittedly, there are regulations so obviously related to legitimate penological concerns that challenges to them may be dismissed ... based simply on an (irrefutable) 'common sense determination.'") (quoting Giano v. Senkowski, 54 F.3d 1050, 1059 (2d Cir. 1995) (Calabresi, J., dissenting)). The Plaintiff, who is being detained on a charge of second-degree murder, had his family post a video of him discussing witnesses. There is no easy and obvious alternative to prevent the Plaintiff from engaging in such conduct in future, other than restricting his access to video visitation. Moreover, the Plaintiff does not claim that the restriction on his HomeWav usage interfered with his in-person visitation or prevented him from communicating in other ways. See Solan v. Zickefoose, 530 F. App'x 109, 111 (3d Cir. 2013) (despite limits on prisoner's use of e-mail to communicate with those outside prison, prisoner failed to state First Amendment claim when he could communicate with them by other means); Green v. Knappenberger, 2022 WL 2342566 (E.D. Pa. June 28, 2022)

("where alternate means of communication are available, the limitation on a particular means of communicating may not be deemed unreasonable"). Accordingly, his First Amendment claim is dismissed.

The Plaintiff claims that Defendants Wright and Edwards are maliciously prosecuting him "by seeking charges with false statements." [Doc. 22-1 at 5]. A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

In addition to being vague and conclusory, the Plaintiff's malicious prosecution claim fails because his criminal case is still pending. He cannot,

therefore, satisfy the favorable termination requirement. His malicious prosecution claim is, therefore, dismissed.[3]

The Plaintiff also claims that Defendant Beth is violating his rights "by not correcting Special Agent Leon,"[4] and that she "commits slander-defamation of character at bond hearing on 5-9-22 leading assumptions from officers of Polk County Jail and Det. Edwards…." [Doc. 22-1 at 5].

In addition to being vague and conclusory, this claim fails because Defendant Beth is a prosecutor. As such, she is absolutely immune from Section 1983 liability for acts arising out of the exercise of her official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). The Plaintiff's claims against Defendant Beth with regard to Plaintiff's criminal prosecution are, therefore, barred by prosecutorial immunity.

The Plaintiff seeks the assistance of counsel in this action. [Doc. 22-1 at 2]. In support of this request, he notes that he has limited access to a law library, and that he is having difficulty researching the appropriate parties' names. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional

_____

[3] The Court previously cautioned the Plaintiff in the Order on initial review of the original Complaint that claims related to his ongoing criminal proceedings appear to be barred by abstention principles. [See Doc. 15 at 6-7].

[4] The Plaintiff does not explain what this correction would entail.

circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. His alleged difficulties in researching the law and identifying defendants are beside the point; his claims are so factually deficient and absent any hint of potential merit that the appointment of counsel is not warranted.

Finally, the Plaintiff has filed a Motion to Admit Evidence in which he makes piecemeal allegations, and to which he attaches documents. [Doc. 16]. The same day that the Motion was docketed, the Court issued its Order on initial review of the Complaint in which it granted the Plaintiff 30 days to file a superseding Amended Complaint. [Doc. 15 at 10]. Because the Plaintiff had the opportunity to file a superseding Amended Complaint after he filed the Motion, it will be denied as moot.[5]

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint once and he has again

---

[5] The Plaintiff filed a number of other piecemeal filings which will also be disregarded. [<u>See, e.g.</u>, Doc. 21 ("Continued 'Attached' Amended Defendants); Doc. 19 ("Supporting Factors"); Docs. ]; <u>see</u> <u>also</u> [Docs. 20, 23, 25, 26 (Letters); Doc. 3 (Order of Instructions notifying the Plaintiff that "Letters sent to the Clerk of Court or Judge will not be answered...")]. Even if the Court were to consider the Motion and the Plaintiff's other piecemeal filings, such would not affect the outcome of this case.

9

failed to state a claim for relief.  See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV.    CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice, and the Plaintiff's Motion to Admit Evidence is denied as moot.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 22] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Plaintiff's Motion to Admit Evidence [Doc. 16] is **DENIED AS MOOT**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge

Case 1:22-cv-00163-MR   Document 33   Filed 03/07/23   Page 10 of 10